**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SUSAN SRAIL, JEFFREY SRAIL,** | ) | |
| **JANEEN BRZECZEK, and RONALD** | ) | |
| **BRZECZEK, individually and on behalf of** | ) | |
| **all persons similarly situated, and in the** | ) | |
| **capacity as parents and next friends of** | ) | |
| **their minor children, Ryan Srail,** | ) | |
| **Derek Srail, and Hannah Brzeczek,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07 C 2617** |
| | ) | |
| **VILLAGE OF LISLE, ILLINOIS,** | ) | |
| | ) | |
| **Defendant and** | ) | |
| **Third Party Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ILLINOIS-AMERICAN WATER CO.,** | ) | |
| | ) | |
| **Third Party Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Susan Srail and three other plaintiffs have sued the Village of Lisle for an injunction and

damages on behalf of a putative class, asserting claims relating to the water system in the areas of

Lisle proper and unincorporated Lisle where they live. Plaintiffs allege the system does not

deliver adequate water pressure. Lisle has a municipally-owned water system, but the plaintiffs

are not served by that system. Rather, they are served by a system operated and maintained by

Illinois-American Water Company (IAWC), with which Lisle has contracted to supply water to

people living in the areas where plaintiffs reside. Plaintiffs contend that Lisle's decision not to connect them to the municipal water system is arbitrary and discriminatory and violates their rights under the Equal Protection Clause of the Fourteenth Amendment and constitutes common law negligence. Plaintiff have also asserted a "taking" claim against Lisle under the Illinois Constitution; they contend that Lisle took their property by authorizing IAWC to supply water through water mains that plaintiffs claim they own.

Plaintiffs originally sued IAWC too, but the Court dismissed those claims. After that ruling, Lisle asserted third party claims against IAWC, seeking indemnification and contribution in the event Lisle is found liable to plaintiffs. Lisle also filed a "counterclaim for interpleader or in the nature of interpleader" against IAWC and the plaintiffs, focusing on alleged conflicting claims to ownership of the water system that services the plaintiffs' homes. IAWC has moved for summary judgment on Lisle's indemnification and contribution claims and has moved to dismiss the interpleader claim. For the reasons stated below, the Court grants in part and denies in part IAWC's motion for summary judgment on the third party claims and grants its motion to dismiss the interpleader claim.

### Discussion

**A.      IAWC's motion for summary judgment as to third party claims**

**1.      Indemnification claim (Count 1)**

Lisle's indemnification claim is based on provisions in an agreement between Lisle and IAWC called the "wheeling agreement." Under section 8 of the wheeling agreement, IAWC has agreed

to indemnify, save, and hold harmless the Village . . . from and against all claims,

2

litigation, and liability, including legal defense costs and expenses and attorneys' fees, asserted against the Village . . . for any loss or damage to any real or personal property caused by, connected with, or in any way attributable to the installation, maintenance, or operation of the [water] System . . . .

IAWC Ex. O, § 8. IAWC has also agreed in section 8

to indemnify, save, and hold harmless the . . . Village . . . from and against all claims, litigation, and liability, including legal defense costs and expenses and attorneys' fees, asserted against [the Village] for injury to or the death of any person or persons whomsoever or for any loss or damage to any real or personal property caused by, connected with, or in any way attributable to any exercise by [IAWC] of any right or duty herein granted or any failure to [IAWC] to exercise any such right or duty, or to comply with any of the terms or conditions hereof.

*Id.*

IAWC earlier moved to dismissed the indemnification claim on the ground that plaintiffs' claims were not claims "for any loss or damage to any real or personal property" or "for injury to or the death of any person or persons" and thus were outside the scope of the indemnification provisions. The Court denied the motion because plaintiffs' complaint included a general claim for damage to property. *See Srail v. Village of Lisle*, No. 07 C 2617, Order of Jan. 22, 2008 at 2. IAWC has now asserted essentially the same argument in its motion for summary judgment. Because it has moved for summary judgment, IAWC is not now limited to the allegations in plaintiffs' complaint; rather, it relies on plaintiffs' statements, during discovery and otherwise, describing the relief they seek.

Plaintiffs' equal protection and negligence claims are based not on any loss or damage to property, real or personal, but rather on Lisle's refusal to connect plaintiffs and others in their subdivisions to the municipal water system. Moreover, plaintiffs have stated that their compensatory damages are limited to the differential between the rates they have paid to IAWC

and the rates they would have paid had they been connected to the Lisle water system. Indemnification agreements covering personal injury and property damage or loss do not cover claims for economic losses. *See, e.g., Friedman, Alschuler & Sincere v. Arlington Structural Steel Co.*, 140 Ill. App. 3d 556, 559, 489 N.E.2d 308, 310 (1985); *Ludwig Candy Co. v. Iowa Nat. Mut. Ins. Co.*, 78 Ill. App. 3d 306, 309-10, 396 N.E.2d 1329, 1331-32 (1979). As a result, the equal protection and negligence claims, and the damages plaintiffs seek on those claims, fall outside the scope of the indemnification provisions of the wheeling agreement.

The Court cannot say the same, however, regarding the plaintiffs' taking-of-property claim. In this claim, plaintiffs allege that Lisle allowed IAWC to take property (water mains) that belonged to plaintiffs. It is hard to see this as anything other than a claim involving "loss" of property, which the indemnification provisions specifically cover.

IAWC also argues that Lisle's indemnification claim is barred by Illinois public policy, specifically a purported public policy precluding a party from being indemnified against its own willful misconduct. In denying IAWC's motion to dismiss, the Court partially credited this argument, stating that "the Illinois Supreme Court has held that an agreement to indemnify a party against its willful misconduct 'would, as a general rule, be contrary to public policy and unenforceable though there were no statute to that effect.' *Davis v. Commonwealth Edison Co.*, 61 Ill. 2d 494, 500-01, 336 N.E.2d 881, 885 (1975)." *Srail*, Order of Jan. 22, 2008 at 2. As Lisle has pointed out in its response to IAWC's summary judgment motion, however, the Illinois Supreme Court later stated that *Davis* involved an agreement "exempting a party from liability, and does not support a rule prohibiting an agreement by a third person to indemnify a party against liability in tort." *Dixon Distrib. Co. v. Hanover Ins. Co.*, 161 Ill. 2d 433, 445-46, 641

4

N.E.2d 395, 401 (1994). In *Dixon*, the court went on to reject a contention that Illinois public policy prohibits insurance coverage – a form of indemnification – for liability for injuries resulting from the insured's intentional acts. *Id.* at 446-47, 641 N.E.2d at 401. *See Chicago Housing Auth. v. Federal Security, Inc.*, 161 F.3d 485, 491 (7th Cir. 1998) (citing *Dixon* for this point). Based on *Dixon*, the Court cannot conclude that there is an Illinois public policy that precludes Lisle from obtaining indemnification on plaintiffs' taking-of-property claim.

IAWC's final argument regarding the indemnification claim is that it is not liable for any damages incurred before January 15, 2002, when it purchased the water system from its predecessor, Citizens Utility Company of Illinois. Under section 2.3.1 of the asset purchase agreement, IAWC assumed, "except as set forth in section 2.3.3(b), all liabilities and obligations of [Citizens Utility] in respect of the Contracts and Permits assigned or transferred to IAWC or Parent pursuant to this Agreement in accordance with the respective terms thereof, except that neither Parent nor IAWC shall assume any liabilities or obligations for any breach or default by, or payment obligations of, [Citizens Utility] under such Contracts and Permits occurring or arising or accruing on or prior to the Closing Date." IAWC Ex. P, § 2.3.1. The agreement that contains the indemnification provision upon which Lisle relies is one of the contracts assigned to IAWC pursuant to the asset purchase agreement.

Section 2.3.2 of the asset purchase agreement provides that any liabilities or obligations assumed by IAWC under section 2.3.1 are referred to as "Assumed Liabilities." *Id.* § 2.3.2. Section 2.3.3 says that IAWC does not assume any liabilities of Citizens Utility other than the Assumed Liabilities. Section 2.3.3 goes on to list "Retained Liabilities" – those retained by Citizens Utility and not assumed by IAWC – and includes Section 2.3.3(b), the exception to

IAWC's assumption of Citizens Utility's obligations under the assigned contracts. Section 2.3.3(b) does not include as a Retained Liability the indemnification obligation or potential liability on claims like the plaintiffs' taking-of-property claim. In seeking summary judgment, IAWC relies on section 2.3.3(a) of the agreement, but that provision is not an express exception to IAWC's assumption of obligations under the assigned contracts, and in any event the types of liabilities section 2.3.3(a) includes among those retained by Citizens Utility – "any product liability, toxic tort or similar claim for injury to person or property" – do not cover the type of liability asserted in the plaintiffs' taking-of-property claim for which Lisle seeks indemnification.

In sum, the Court grants IAWC's motion for summary judgment on Lisle's indemnification claim (Count 1 of the third party complaint) to the extent it concerns the plaintiffs' underlying equal protection and negligence claims but denies the motion to the extent it concerns the plaintiffs' taking-of-property claim.

## 2.  Contribution claim (Count 2)

The Illinois Contribution Act affords a right of contribution "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property." 740 ILCS 100/2(a). IAWC argues that contribution is unavailable to Lisle because IAWC it is not "liable in tort" to the plaintiffs.

The Court dismissed, for failure to state a claim, plaintiffs' only actual tort claim against IAWC under the so-called *Moorman* doctrine, which, the Court concluded, precludes negligence liability for the type of damages sought by plaintiffs. Lisle contends that the dismissal was a non-final order, but plaintiffs never attempted to amend their complaint against IAWC to try to assert a viable tort claim, and the deadline for amendments to the pleadings has long since run.

Plaintiffs now no longer have the ability to assert a negligence claim against IAWC – or, for that matter, any other sort of tort claim.

Lisle argues persuasively, however, that this by itself is not dispositive, at least so long as plaintiffs could have asserted a viable tort claim against IAWC at some point. Under Illinois law, a defendant may seek contribution from a third party so long as the plaintiff had a valid tort claim against that third party at the time of the injury caused by its conduct, even if the plaintiff's claim turns out to be barred for a procedural reason. *See Alper v. Altheimer & Gray*, 257 F.3d 680, 685 (7th Cir. 2001) (Illinois law). The Court must therefore examine whether plaintiffs had a valid tort claim against IAWC for the injuries for which it has sued Lisle.

The Court concludes that plaintiffs could not have asserted any sort of a tort claim against IAWC for the injuries that are the subject of their equal protection and negligence claims. Plaintiffs have expressly limited the damages they seek on those claims to the differential between the rates they were charged by IAWC and those they would have been charged by Lisle had they been connected to the municipal water system. Under the so-called filed rate doctrine, plaintiffs cannot recover such damages from IAWC. *See, e.g., Globalcom, Inc. v. Ill. Commerce Comm'n,* 347 Ill. App. 3d 592, 621-22, 806 N.E.2d 1194, 1209-10 (2004). Because IAWC was never potentially liable in tort to plaintiffs for the injury they claim on their equal protection and negligence claims, Lisle cannot sue IAWC for contribution on those claims under the Contribution Act.

That leaves plaintiffs' taking-of-property claim. The Illinois Constitution's prohibition against taking property without just compensation is a prohibition upon the government, not private entities. Lisle argues, however, that IAWC could be subject to liability to the plaintiffs

for what amounts to the same injury – the loss or deprivation of their alleged property interest in the water mains – via a tort claim for trespass. Even though this is not the basis on which plaintiffs have sued Lisle, the bases for liability among contributors need not be the same. *See Alper*, 257 F.3d at 686 (citing *Vroegh v. J & M Forklift*, 165 Ill. 2d 523, 528-29, 651 N.E.2d 121, 125 (1995)).

IAWC argues, in a single sentence in its reply brief, that an Illinois constitutional claim is not "liability in tort," but the only case they cite for this proposition has nothing to do with the Contribution Act. *See* IAWC Reply at 8 (citing *Streeter v. County of Winnebago*, 44 Ill. App. 3d 392, 395, 357 N.E.2d 1371, 1373 (1976)). Federal constitutional claims are a species of tort liability, *see, e.g., Memphis Commun. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986), and it is difficult for the Court to see why Illinois constitutional claims would be treated differently. Without anything more than a single, thirty year old Illinois appellate case unrelated to the Contribution Act, the Court is not prepared to conclude that a claim for unconstitutional taking of property under Illinois law is not a type of tort liability that permits contribution under that Act.[1]

In sum, the Court grants IAWC's motion for summary judgment on Lisle's contribution claim (Count 2 of the third party complaint) to the extent it concerns the plaintiffs' underlying equal protection and negligence claims but denies the motion to the extent it concerns the plaintiffs' taking-of-property claim.

---

[1] The Court has essentially concluded that the briefing on this particular point is insufficient, on both sides, to make the Court comfortable ruling either way on the question of whether the Contribution Act affords a right of contribution to a defendant sued for a state constitutional violation in the present circumstances.

**B.     IAWC's motion to dismiss interpleader claim**

IAWC originally moved to dismiss the so-called "counterclaim for interpleader" back in October 2007, shortly after Lisle filed the claim.  At a hearing on October 16, 2007, the Court indicated, in oral comments, that irrespective of the procedural propriety of interpleader (which IAWC had attacked in its motion), Lisle had also relied on Federal Rule of Civil Procedure 19, and that in the Court's view, IAWC would be a necessary party under Rule 19 even if interpleader were determined to be inappropriate.  The Court thus declined to set a briefing schedule on IAWC's motion to dismiss the interpleader claim.

In January 2008, the Court denied IAWC's motion to dismiss Lisle's third party complaint, which IAWC had filed around the same time it had moved to dismiss the interpleader claim.  At a hearing on January 24, 2008, the Court stated that even if the interpleader claim was not procedurally proper in the form in which Lisle had filed it, the claim would be a proper third party claim against IAWC in light of the plaintiffs' and IAWC's apparently conflicting claims of ownership of the water system.  The Court thus administratively terminated IAWC's motion to dismiss the interpleader claim.

In late February - early March 2008, however, the Court became concerned that it may have erred in stating that IAWC was a necessary party under Rule 19 or otherwise.  In an order dated March 4, 2008 (superseded in part by another order entered later that same day), the Court *sua sponte* reconsidered its decision to terminate IAWC's motion to dismiss the interpleader claim and directed Lisle to respond to that motion.  Plaintiffs sought and were granted leave to file comments on IAWC's motion; those comments, in which plaintiffs supported IAWC's motion, were filed before Lisle had to respond to the motion to dismiss.  The motion is now fully

9

briefed.  The Court dismisses Lisle's interpleader claim for the reasons stated below.

**1.    Background**

Certain of the plaintiffs live in subdivisions in and near Lisle that are served not by

Lisle's municipal water system, but by a system operated by IAWC, which has a contract with

Lisle.  In their remaining claims against Lisle, plaintiffs allege the following, on behalf of a

putative class of similarly situated residents:

- Lisle's refusal to supply water at adequate pressure to their subdivisions and
  adjoining schools, despite supplying water to other, similarly situated persons and
  entities within Lisle and its unincorporated areas, deprived plaintiffs of their rights
  under the Equal Protection Clause;

- Lisle was negligent in failing to connect plaintiffs' subdivisions to the municipal
  water system; and

- Lisle allowed or authorized IAWC to physically occupy the water system, in
  which plaintiffs claim a property interest, in violation of the Takings Clause of the
  Illinois Constitution.

In its interpleader claim, Lisle states that plaintiffs have alleged that they and others in

their subdivisions own the water system servicing those subdivisions and that IAWC has

misrepresented that it owns that system; Lisle also alleges that IAWC has likewise told Lisle that

it owns the system.  Lisle alleges that plaintiffs' allegations regarding ownership "lie at the core

of" the plaintiffs' equal protection and taking-of-property claims and that the ownership "cannot

be litigated unless [IAWC] is made a party and capable of defending its use and/or ownership of

the water and sewer systems by being made a defendant herein."  Interpleader Claim ¶ 4.  Lisle

says it is bringing the interpleader claim "because multiple parties have asserted ownership to a property" and plaintiffs have sought to hold Lisle liable for authorizing IAWC to invade that property, "when a real and tangible dispute exists about whether [plaintiffs] or [IAWC] (or other unknown owners and/or non-record claimants) actually own that property." *Id.* ¶ 6. Lisle alleges that if IAWC is not included in the case, Lisle will be subjected to the risk of inconsistent and conflicting obligations to the plaintiffs and the putative class on the one hand, and to IAWC on the other hand. *Id.* ¶ 11.

### 2. Propriety of interpleader

Lisle says that to the extent it is making an interpleader claim, it does so pursuant to Federal Rule of Civil Procedure 22, which provides that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(a)(1). For purposes of Rule 22(a)(1), Lisle is the "plaintiff," and the plaintiffs and IAWC are the "defendants" in the situation presented here.

In a typical situation, the party seeking interpleader is a stakeholder, in other words, a party that holds property to which more than one other party has a claim. *See*, *e.g.*, 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1702 at 535-37 (2001 & Supp. 2007); *id.* § 1705 at 549-53. That is not the case here; there is no viable contention that Lisle holds or otherwise possesses the water system operated by IAWC in Lisle and its environs.

By its terms, however, Rule 22(a)(1) does not specifically require a "stakeholder"; rather, it requires that the party seeking interpleader face a risk of multiple liability. In this regard, the party seeking interpleader "must satisfy the court that it is entitled to an interpleader remedy by

11

demonstrating that 'there exists a real and reasonable fear of exposure to double liability or the vexation of conflicting claims.'" *Bass v. FSLIC*, 698 F.2d 328, 331 (7th Cir. 1983) (quoting *Union Central Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d 501, 504 (7th Cir. 1971)).

Lisle cannot satisfy that requirement. At this point in the case, all parties and the Court know what claims plaintiffs are making; the time for amending the pleadings expired a number of months ago. Plaintiffs' theory of liability on their equal protection and negligence claims is that Lisle has unreasonably discriminated against them, and/or acted negligently, by refusing to supply water service to their subdivisions on the same basis it supplies water to other similarly situated residents – including by refusing to connect the plaintiffs' subdivisions to the municipal water system – and by allowing IAWC to operate an inadequate system. By way of relief, plaintiffs seek damages, as well as a court order requiring Lisle to extend its water system into their subdivisions and make municipal water available to them on the same terms on which it has made water available to others. Lisle has failed to identify any in which these claims even arguably subject it to a risk of multiple liability. Among other things, no party has suggested that Lisle is under any obligation, contractual or otherwise, to permit IAWC to provide water service to the plaintiffs' subdivisions. In addition, determination of whether Lisle violated the plaintiffs' equal protection rights or was negligent in refusing to connect them to the municipal water system does not require adjudication of any conflicting claims as between the plaintiffs and IAWC.

Plaintiffs' theory of liability on their taking-of-property claim is that they have a property interest in the water system that services their properties and that IAWC took that property interest by allowing IAWC to "physically occup[y] and invade[ ]" it. 3d Am. Compl. ¶¶ 73-74.

12

Plaintiffs seek to recover damages for the allegedly unconstitutional taking of their property without just compensation. Plaintiffs' claim *assumes* that IAWC, with Lisle's assistance, took over the water system, and plaintiffs are not asking to have the system returned to them. If plaintiffs prevail, their remedy for an unconstitutional taking of property is damages – namely, "just compensation" – not return of the property. Lisle has not identified any way in which it might be subjected to any multiple or potentially conflicting liability to IAWC with regard to ownership of the water system.

### 3. Whether IAWC is a necessary party regarding plaintiffs' claims

Federal Rule of Civil Procedure 19(a)(1) provides as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Court has concluded, in the previous section of this decision, that Lisle is not at a substantial risk of incurring multiple or inconsistent obligations. Thus the only question is whether non-joinder of IAWC would as a practical matter impair or impede its ability to protect its interest in the water system. The answer is clearly no. Perhaps the best evidence of this is

that IAWC itself does not believe it needs to be part of the case to protect whatever interest it claims in the water system. In addition, as IAWC points out, plaintiffs are not seeking a declaration that they own the system; they seek damages and an injunction connecting them to Lisle's municipal water system. And though plaintiffs' taking-of-property claim is based on their contention that they owned the system before Lisle allowed IAWC or its predecessor to "invade" it or take it over, the Court agrees with IAWC that "Lisle can defend against that claim just as readily with [IAWC] as a Rule 45 subpoenaed third party as it can with the Water Company included in this case." IAWC Reply at 7.

For these reasons, the Court concludes that IAWC is not a necessary party within the meaning of Rule 19 on any of plaintiffs' claims.

### Conclusion

For the reasons stated above, the Court grants in part and denies in part third party defendant Illinois-American Water Company's motion for summary judgment on defendant Village of Lisle's third party claim [docket no. 170]. Summary judgment is entered in favor of third party defendant to the extent Lisle seeks indemnification or contribution on plaintiffs' claims for violation of equal protection rights and negligence, but the Court denies Illinois-American's motion to the extent Lisle seeks indemnification or contribution on plaintiffs' claim for taking of property in violation of the Illinois Constitution. The Court also grants Illinois-American's motion to dismiss Lisle's counterclaim for interpleader, a ruling the Court considers as applying equally to plaintiffs, who are also named in that claim.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   March 24, 2008

14