IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SUSAN SRAIL, JEFFREY SRAIL, JANEEN BRZECZEK, and RONALD BRZECZEK, individually, on behalf of all persons similarly situated,<br>　　　　Plaintiffs,<br>　vs.<br>VILLAGE OF LISLE,<br>　　　　Defendant. | Cause No. 07-C-2617<br><br>Judge Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT VILLAGE OF LISLE'S BILL OF COSTS**

Defendant Village of Lisle, through its attorneys, submits its Memorandum in Support of its Bill of Costs, and states as follows:

**INTRODUCTION**

The Bill of Costs arises from Plaintiffs' complaint, which was filed on May 9, 2007, alleging a violation of equal protection, takings and common law negligence. After extensive discovery, this Court granted summary judgment on Plaintiffs' federal claims on August 7, 2008, and dismissed the state claim for lack of jurisdiction (the takings claim was voluntarily dismissed on March 31, 2008). On August 7, 2008, the clerk entered judgment in favor of Lisle and against Plaintiffs. (*See* Exhibit A, Judgment, attached hereto).

**LEGAL STANDARD**

Under Rule 54(d) of the Federal Rules of Civil Procedure, costs are allowed to the prevailing party. Fed. R. Civ. Proc. 54(d). The Seventh Circuit has recognized that the prevailing party is presumptively entitled to costs and that it is incumbent upon the

losing party to overcome this presumption. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d. 1404, 1409 (7th Cir. 1991); *S.K. Hand Tool Core v. Dresser Industries*, 852 F.2d 936, 943 (7th Cir. 1988), *cert. denied*, 492 U.S. 918 (1989). The district court's discretion is narrowly confined under Rule 54(d), such that the district court must award costs unless the court states good reasons for denying them. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

The losing party may not avoid the taxation of costs by merely demonstrating she has limited financial resources. *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982) ("It is unfortunate that the costs may be large and the losing employee may be hard-pressed to pay them, but we cannot find in those circumstances a good basis for denying costs either under Title VII or under Rule 54(d) as they are now formulated."). "[A]ssessment of costs should be denied only if the unsuccessful party shows that the prevailing party should be penalized by the denial of costs." *Muslin v. Freylinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985). No such showing can be made in this case. Accordingly, pursuant to 28 U.S.C. § 1920, the court may tax as costs fees including deposition fees and copies of papers necessarily obtained for use in the case.

In order for the district court to award costs to the prevailing party, the court must determine that the expenses are allowable cost items and the costs are reasonable and necessary to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## COSTS INCURRED BY DEFENDANT

In this vigorously litigated case, Lisle incurred $26,331.95 in costs for transcripts, witness fees, service fees, and for copy costs.

### A. Transcription Costs

Under 28 U.S.C. § 1920, "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are taxable as costs. The applicable standard for awarding costs for a deposition is whether the deposition was necessary in light of the facts known at the time it was taken, whether or not it is actually used at trial. *M. T. Bonk Co.*, 945 F.2d at 1410. A party is also entitled to be reimbursed for the court reporter's appearance fee. L.R. 54.1(b); 28 U.S.C. § 1920(2) *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (allowing court reporter's "appearance" fee); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1994) (allowing "per diem" charges); *Gray v. Burke*, 2007 U.S. Dist. LEXIS 83314, *10 (N.D. Ill. Nov. 9, 2007); *Buffone v. Rosebud Rests., Inc.*, 2006 U.S. Dist. LEXIS 80726, *6 (N.D. Ill. Oct. 31, 2006).

In this case, several depositions were conducted twice; once on issues related to the motion for preliminary injunction and the proposed preliminary injunction hearing (scheduled to occur in August 13 & 14, 2007), and subsequently on issues related to the remainder of the case.

Lisle submits that the depositions conducted in this case were reasonably necessary for use in this case. Specifically, the following depositions were all necessary and reasonable given the issues in the case, Plaintiffs: Susan Srail, Janeen Brzeczek,

3

Jeffrey Srail, and Ronald Brzeczek; Lisle Community School District 202 employees: George Attaway and Peter Lueck; Lisle-Woodridge Fire District employees: Chief Thomas Freeman, Deputy Chief Terrence Vavra, and President Zachary Lawrence; Lisle employees: Village Manager Gerald Sprecher, Mayor Joseph Broda, Mary Lou Kalsted, Kimberly Schiller, Ray Leslie Peterson, Timothy Callahan; Illinois-American Water Company employees: Karla Teasley, Robert Khan, and Daniel Kelleher; experts Jeffrey Harper and Mark Gasser; David Lincoln Ader; and Gerald Clark (former owner of IAW's predecessor called to testify on ownership issues). (*See* Itemization of Bill of Costs & Exhibit 10 thereto).

In its Itemization of Bill of Costs, Lisle has separated its deposition costs into three separate categories: depositions conducted by Lisle, depositions conducted by Plaintiffs, and depositions conducted by other parties. Under L.R. 54.1, Lisle is allowed recovery of deposition costs as "as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed." L.R. 54.1. During active discovery in this case, the recoverable amount for deposition transcripts set by the Judicial Conference increased on October 29, 2007. *See Bloch v. Frishholz*, 2008 U.S. LEXIS 51429, *9-10 (N.D. Ill. June 26, 2008). Lisle has listed those rates applicable at the time the deposition were conducted (noting expedited transcripts) for depositions conducted by Lisle and Illinois American.

However, with regards to depositions conducted and arranged by Plaintiffs, this Court has held that "where the losing party arranges a deposition and therefore selects

4

the rates charged by the court reporter, it is reasonable to award the prevailing party the full costs charged by the reporter for the deposition transcript." *Gyrion v. City of Chicago*, 454 F. Supp. 2d 725, 726 (N.D. Ill. 2006) (awarding full deposition costs plus deposition exhibit costs to prevailing defendant). For depositions conducted and arranged by Plaintiffs, Lisle has itemized its costs based on the actual costs charged by the Court reporter. *See id.* In addition, Lisle has listed the pages of each such deposition transcript.

Additionally, because of several significant rulings were made orally, Lisle has incurred reasonably necessary court reporters' costs for obtaining transcripts of proceedings on July 11 & 12, 2007 (oral argument and oral ruling on motions to dismiss), November 16, 2007 (ruling on attorney client privilege issues effecting production of documents), and June 10, 2008 (hearing on motion to strike affirmative defenses).

For these reasons, the transcription costs for depositions and court proceedings, as set forth in defendant's Bill of Costs and Itemization of Bill of Costs were reasonably and necessarily incurred by defendant in this case and are recoverable.

    **B.**    **Witness Fees**

Under 28 U.S.C. § 1920(3), Lisle is entitled to recover its fees and disbursements to witnesses. In this case, Lisle has incurred $160 in witness fees paid to four subpoenaed parties during the preliminary injunction proceedings (the School District was not a party at that time, necessitating subpoenas). The $40 witness fees paid to

each of these witnesses is equal to the allowed fee specified 28 U.S.C. § 1821(b). These costs set forth in Defendant's Bill of Costs and Itemization of Bill of Costs are reasonable and necessarily incurred by defendant in this case.

### C. Service Costs

Under 28 U.S.C. § 1920(1), Lisle is entitled to recover costs incurred in effectuating service of subpoenas. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (construing 28 U.S.C. § 1920(1) as "permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."). However, Lisle can only recover those the amount for service that would be charged by the U.S. Marshals. *See Bloch*, 2008 U.S. Dist. LEXIS 51429 at *7. Under the applicable regulations in effect at the time, Lisle may recover $45 per hour plus travel costs. 28 C.F.R. § 0.114(a)(3) & (c). At the time service was effected on subpoenaed parties, mileage reimbursement set by the Administrator of General services was $0.485 per mile. *See* 5 U.S.C. § 5704; 41 C.F.R. § 301–10.303 (July 1, 2007); *also* www.gsa.gov/mileage. Accordingly, these costs set forth in Defendant's Bill of Costs and Itemization of Bill of Costs are reasonable and necessarily incurred by defendant in this case.

### D. Photocopying Costs

Under Section 1920(4), the prevailing party may collect costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. Costs for a copy of documents produced in discovery are recoverable. *See S.K. Hand Tool Core*, 852 F.2d at 944-45. Defendant submits that the pleadings, motions, document request responses

and copy costs incurred when documents were made available for copying at Defendant's expense for which exemplification costs are sought were reasonable and necessary to its defense of this case. *See* Itemization of Bill of Costs, Exhibit 10.

In the course of discovery, Lisle produced in excess of 23,384 pages of Lisle documents (labeled VOL INJ 000001 – VOL INJ 002447 & VOL 10001 – VOL 29937). Additionally, all parties produced numerous oversized and color documents, including numerous maps containing many square feet each. While Plaintiffs and, to a limited extent, IAW required Lisle to pay for copies of such oversized documents, Lisle copied and paid for those documents it produced from its own files. Moreover, because copy costs for standard 8.5 x 11 black and white copies varied between $0.16 per page to $0.10 per page depending on which vendor Lisle used and the quickness of turn around (i.e., for expedited discovery), Lisle has split the difference, and seeks $0.13 per standard black and white page. This number is also the amount charged by Lisle's counsel's in-house copy service and is less than copy costs found to be reasonable by this Court. *See, e.g., Gutzwiller v. City of Chicago,* 03 C 7598, 2007 WL 2298366 at *2 (N.D. Ill. 2007) (finding $0.15 per page reasonable); *Tokar v. City of Chicago,* No. 96 C 5331, 2001 WL 910385 at *2 (N.D. Ill. Aug. 10, 2001). With regard to oversized and color copies, Lisle seeks to recover the actual costs incurred with copying these items. *See Doing Steel, Inc. v. Castle Constr. Corp.,* 2005 U.S. Dist. LEXIS 39557, *14-15 (N.D. Ill. Mar. 3, 2005); *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (upholding district court's award of costs for copies of oversized documents and

color photographs); *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble, Co.*, 924 F.2d 633, 644 (7th Cir. 1991).

Lisle only seeks to recover exemplification costs for those documents and materials (1) produced by other parties (Plaintiffs and IAW) for which Lisle had to pay copy costs, (2) 2 sets of documents produced by Lisle in response to requests for production, *see Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (prevailing party may recover copying costs for 2 sets of documents produced—one for each side's attorneys); *Haroco, Inc. v. American National Bank*, 38 F.3d 1429, 1441 (7th Cir. 1994), and (3) 1 set of those documents electronically filed and submitted to the Court as courtesy copies on behalf of Village of Lisle. *See Bloch,* 2008 U.S. Dist. LEXIS 51429 at *11 (allowing recovery for 1 set of documents electronically filed with Court).

## CONCLUSION

Defendant Village of Lisle seeks to be reimbursed for reasonable and necessary costs incurred in the defense of Plaintiffs' unsuccessful complaint against it, and respectfully requests that the costs set forth in defendant's Bill of Costs and Itemization of Bill of Costs, in the amount of $26,331.95, be taxed against Plaintiffs.

Respectfully submitted,

/s/ Brandon K. Lemley
One of the Attorneys for Village of Lisle

**ATTORNEYS FOR VILLAGE OF LISLE:**

**QUERREY & HARROW, LTD.**
Paul A. Rettberg
(prettberg@querrey.com)
Brandon K. Lemley

8

(blemley@querrey.com)
175 W. Jackson, Ste. 1600
Chicago IL 60604
312-540-7000

**ANCEL, GLINK, DIAMOND, BUSCH, DICIANNI & KRAFTHEFER, P.C.**
David Lincoln Ader
(dader@ancelglink.com)
140 S. Dearborn, Sixth Floor
Chicago, IL 60603
312-782-7606

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that on September 8, 2008, the foregoing document was served, pursuant to L.R. 5.9 and the General Order on Electronic Filing, via the Court's Electronic Case Filing System, to all parties of record.

                                            /s/ Brandon K. Lemley
                                            One of the Attorneys for Village of Lisle