**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SUSAN SRAIL** and **JEFFREY SRAIL**, **JANEEN BRZECZEK**, and **RONALD BRZECZEK**, Individually, on Behalf of All Persons Similarly Situated | ) ) ) ) ) ) | Case No. 07 C 2617 |
| Plaintiffs, | ) ) ) | The Honorable Matthew F. Kennelly |
| v. | ) ) | |
| **VILLAGE OF LISLE**, an Illinois municipal corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO THE VILLAGE OF LISLE'S BILL OF COSTS**

**I.      INTRODUCTION**

This suit was filed shortly after the local Fire Chief came forward with a startling public statement: the water system in the Oak View subdivision of Lisle was so inadequate that it could not produce water at sufficient pressures and volumes to fight residential fires, unreasonably threatening the safety of all area residents and nearly a thousand kids who attended the two area schools. The Village of Lisle knew of this problem, but had failed to act to protect its residents. Susan and Jeffrey Srail and Janeen and Ronald Brzeczeck, who are ordinary citizens and residents of the affected subdivision, brought this lawsuit to try to protect their families, their neighbors' families, and these school children from a serious public safety threat.

On August 7, 2008, this Court granted summary judgment against Plaintiffs on Count I of their complaint (for equal protection violations), but found that Illinois law "may be read as suggesting the viability" of the state law claim asserted in count II. (*See* Doc. No. 293, pp. 16).

Count II was not determined on its merits, but instead re-filed in DuPage County[1] where, as directed by this Court, the parties "can simply pick up where they left off." (*See Id.* at 17).

As discussed below, Lisle's attempt to tax $26,331.95 in costs against two of its resident families -- who took action trying to protect the safety of their families and many other Lisle residents -- is heavy handed, over-reaching and otherwise improper. Lisle's memorandum and bill for costs ignores the complexities, importance and success of Plaintiffs' case and should be denied; alternatively, the bill is grossly inflated and must be substantially reduced.

**II.     LEGAL STANDARD: COST AWARDS ARE DISCRETIONARY**

District courts have discretion to determine whether and to what extent prevailing parties may be awarded costs. *See Congregation of the Passion Holy Cross Provence v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) (finding that "the ultimate decision to award costs is within the district court's discretion"). This discretion includes the "unquestioned power in an appropriate case not to award costs to the prevailing party." *Coyne-Delany Co., Inc. v. Capital Development Bd. of State of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983).

Specifically, this discretion may be used to deny a petition for costs in its entirety when: the case involves issues of substantial public importance; the issues in the case are close and difficult; a substantial benefit was conferred to the public; and there is great economic disparity between the losing and prevailing parties. *Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d 572, 592-93 (9th Cir. 2000); *see also Pacheco v. Mineta*, 448 F.3d 783, 294 (5th Cir. 2006) (finding that there are a wide range of reasons to justify denying a petition for costs including, "the losing party's limited financial resources…close and difficult legal issues presented, [] substantial benefit conferred to the public, and [] the prevailing party's enormous financial

---

[1] On August 29, 2008, Plaintiffs re-filed the state law claim previously contained in Count II of their Fourth Amended Complaint, in an action styled <u>Srail, et al. v. Village of Lisle</u>, 2008 L 966 (Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois).

2

resources"); *White & White Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (finding that it would be inequitable to assess costs upon a losing party when, *inter alia*, the issues in the case are "close and difficult"); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2668.

### III.   LISLE'S BILL OF COSTS SHOULD BE DENIED

#### A.   Under The Circumstances Of This Case, The Court Should Utilize Its Discretion And Not Tax Any Costs Against The Plaintiffs

Lisle seeks recovery of all of its costs in this federal action, without confronting that the overwhelming majority of those costs relate as much to the still very much alive state law claim as they do to the equal protection claim. The facts and evidence for the equal protection and state law claim are virtually identical, and Lisle does not even attempt to identify any costs it incurred which purportedly relate only to the defense of the equal protection claim. Lisle has not prevailed on the state law claim. Under these circumstances, where the litigation between the parties has not ended, but rather is "picking up" in state court where it "left off" in federal court, Lisle should not be awarded costs. Further, as discussed below, several factors identified in the costs case law weigh heavily in favor of this Court using its discretion to deny taxing any costs against the Plaintiffs.

##### 1. The case involved issues of substantial public importance

As this Court is well aware, this case was brought to address fire protection problems, which Lisle itself even conceded were present in the Oak View subdivision. (*See* Plaintiffs' Response to Defendant's Motion for Summary Judgment, Docket No. 284, at pp. 9 - 12). The Plaintiffs and all other class members were faced with serious threats to their health and safety, and Plaintiffs brought this present lawsuit to redress those threats. The importance of the grave problems at the heart of this lawsuit cannot be undermined and provide substantial justification

3

to deny the imposition of costs upon Plaintiffs. *See, e.g., Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d at 593 (finding that plaintiffs, minority educators who brought class action lawsuit, alleging that certification requirements violated Title VI and VII of the Civil Rights Act, was such an "extraordinary, and extraordinarily important, case…of the gravest public importance" that prevailing parties' costs ought not be assessed against them).

### 2. **The legal and factual issues were close and difficult**

The legal issues involved in this case were also complex, close and difficult. The docket report in this case is over 300 entries long, the parties have drafted hundreds of pages in briefs, and the Court issued several lengthy opinions. That the claims in this case were close is well evidenced by the fact that Plaintiffs defeated Lisle's motion to dismiss and were granted class certification. Further, this Court expressly acknowledged the complex and close nature of Plaintiffs' state law claim. *See White & White, Inc.*, 786 F.2d at 732-33 (finding that it was proper for trial court to deny costs to successful defendant when, *inter alia*, case was one which was "close and difficult"); *Kalkowski v. Ronco, Inc.*, 424 F. Supp. 343, 354 (N.D. Ill. 1976) (finding that when the case is "a close and difficult one, it is not an abuse of discretion for the trial judge to require each party to pay its own costs," and declining to award such costs when "[the] litigation has been well fought").

### 3. **Substantial benefit was incurred to the public**

Lisle does not deny that before the initiation of the present suit the fire protection problems plaguing the Class Area were grave. Although these problems plagued the area since at least the 1980s, significant repairs were not undertaken until *after* the filing of the present suit. (*See* Doc. No. 284, at p. 9). Indeed, after -- and, Plaintiffs' believe, *because* -- this suit was filed, millions of dollars were spent to repair the Class Area water system. The benefits of these

4

repairs to the residents of Lisle cannot be denied, and justifies this Court in denying Defendant's bill of costs. *See Goulding v. I.R.S.*, No. 94 C 5113, 1997 WL 47450, *6 (N.D. Ill. Jan. 30, 1997) (denying bill of costs after considering whether there was a "public benefit derived from the case"); *see also Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d at 593 (finding that it was proper for district court to deny successful defendant's bill of costs when, during the pendency of plaintiffs' suit, defendant had rectified its allegedly illegal behavior); *Suffolk County v. Sec'y of Interior*, 76 F.R.D. 469, 471-74 (E.D.N.Y. 1977) (finding that plaintiffs' environmental lawsuit, although ultimately unsuccessful, involved issues that affected "the public health and well-being of millions of people" and conferred a substantial benefit to the public that justified court in denying defendant's bill of costs).

### 4. Plaintiffs have limited financial resources

The Srail and Brzeczek families have limited financial resources, another reason which justifies the denial of Defendant's petition. Jeffrey Srail works at an auto shop, detailing cars, and Susan is a stay-at-home mother; the Srails have four children, the oldest of which is just starting college. Ronald Brzeczek is a database administrator and Janeen Brzeczek is a secretary in an office; the Brzeczeks have five children between the two of them. Plaintiffs do not have the financial resources to pay the $26,331.95 bill their own village is demanding of them, and thus this Court should use its discretion to deny Lisle its requested costs in their entirety. (*See* Affidavit of Susan Srail, attached as Exhibit A, and Affidavit of Janeen Brzeczek, attached as Exhibit B).[2]  *See Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983) (finding that the inability of plaintiff, a foreman at a steel company, to pay for defendant's costs was justification for the district court to deny awarding defendant costs despite its prevailing

---

[2] Comparatively, Lisle's most recent financial statement shows that for FY 2006/2007, its own assets exceeded its liabilities by over $100 million. *See* Village of Lisle 2007 Comprehensive Financial Report, at p. 24, *available at* http://www.villageoflisle.org/docs/07_final_cafr_-_vol.pdf.

5

party status); *see also Congregation of the Passion, Holy Cross Province*, 854 F.2d at 222

(finding that "the losing party's inability to pay will suffice to justify denying costs").

      **B.     Alternatively, If Any Costs Are Awarded, Lisle's
Bill Should be Substantially Reduced**

As discussed above, Plaintiffs ask this Court to use its discretion and decline to tax any costs on Plaintiffs. However, in the event that this Court elects to tax any costs, at a minimum the following items in Lisle's Itemization of its Bill of Costs are improper and should be denied. The costs (transcripts, document copying costs, etc.) sought by Lisle all have application in the pending state law case, and are otherwise objectionable on the grounds set forth below.

      **1.  Transcription costs for depositions and court proceedings**

      **(a)  Depositions conducted by the Village of Lisle**

The Village asks for reimbursement for transcripts and court reporter attendance fees for eight depositions it took in this case. (*See* Village of Lisle's Itemization of Bill of Costs, Doc. No. 302, at pp. 1-3).

Lisle requested reimbursement for the expedited copies it ordered in seven of the eight depositions it took, yet provides no reason to justify the additional expense for expedition; consequently, its bill must be reduced by $2,323.20.[3] *See Engate v. Esquire Deposition Services LLC*, No. 01-C-6204, 2006 WL 695650, *4 (N.D. Ill. March 13, 2006) (Kennelly, J.) (denying expedited transcript costs when party "provided no reason why the transcripts were needed so quickly").

---

[3] Lisle's Itemization of its Bill of Costs (Doc. No. 302, at pp. 1-3) asks for reimbursement of a total of 1635 pages of transcripts at the expedited rate (of $4.40 per page). If this cost if taxed at all, Lisle should only be entitled to be reimbursed at the non-expedited rate of $3.30 per page with an additional reduction for Chief Freeman's deposition. Chief Freeman's deposition was not 412 pages long as Lisle stated in its itemization, but rather 253 pages long. Lisle's current request for 1635 pages of transcript at $4.40 (totaling $7,194) should be reduced, at a minimum, to a request for 1476 pages of transcript at $3.30 (totaling $4,870.80), resulting in difference and a reduction to Lisle's bill of $2,323.20.

6

Lisle also asks for the reimbursement of the court reporter and attendance fees it paid for these depositions. However, such fees are not recoverable, and Lisle's request (*See* Doc. No. 302, at pp. 1-3) for reimbursement of in court reporter attendance fees totaling $1,924.75 must be denied. *See Higbee v. Sentry Insurance Co.*, No. 97-C-1349, 2004 WL 1323633, *2 (N.D. Ill. June 11, 2004) (Kennelly, J.) (finding that court reporter appearance fees are "not recoverable to the extent that they make the overall cost of the deposition transcript exceed the regular-copy rates approved by the Judicial Conference"); *Engate*, 2006 WL 695650, at *3 (Kennelly, J.) (finding that court reporter attendance fees are not recoverable costs).

### (b) Depositions conducted by Plaintiffs

Lisle asks for $355.25 in deposition exhibit charges (*See* Doc. No. 302, at p. 4), which are not recoverable, and must be reduced from its bill. *See Higbee*, 2004 WL 1323633, *1 (finding that costs for copies of deposition exhibits were not recoverable, as the requesting party "failed to allege, much less show, that [the deposition exhibits] were anything more than extra copies of documents it already had"); *Engate*, 2006 WL 695650, at *3 (Kennelly, J.) (finding that even when losing party had selected court reporter, prevailing party was still not entitled to recover all costs related to deposition, such as exhibits, ASCII diskettes, etc.).

### (c) Depositions conducted by parties other than Plaintiffs or Lisle

Lisle requests $1,182.82 for expenses related to the depositions taken by Third Party Defendant, Illinois-American Water Company (*See* Doc. 302, at p. 5); this request must be denied in its entirety. Lisle's bill of costs ignores the fact that Lisle itself is a non-prevailing party. Plaintiffs' case against Illinois-American Water Company was dismissed by this Court on August 3, 2007, and it was Lisle who brought Illinois-American back (unsuccessfully) into the

7

case via claims for indemnification, contribution, and interpleader. Lisle should not recover for the expenses it incurred on account of the party it chose to bring into the case.[4]

### (d) Court reporter fees paid for transcripts of court proceedings

Lisle asks for $1,003.45 in court reporter fees it incurred in paying for transcripts of hearings from this Court. (*See* Doc. No. 302, at p. 6). Lisle argues that because "several significant rulings were made orally," such expenses were "reasonably and necessarily incurred." (Memorandum in Support of Bill, Doc. No. 303, at p. 5). To the contrary, each transcript Lisle requested resulted in a written order or ruling from this Court. *See, e.g.,*

| | |
|---|---|
| Oral argument and rulings on motions to dismiss | Oral ruling provided to parties via e-mail transmission |
| November 16, 2007 ruling on attorney-client privilege issues effecting production of documents | Written ruling rendered on December 19, 2007. (*See* Doc. No. 143) |
| June 10, 2008 hearing on Lisle's motion to strike affirmative defenses | Written ruling rendered on July 22, 2008. (*See* Doc. No. 281). |

Lisle provides no justification for why these transcripts were necessary and reasonable in its defense of the case, and its bill of court reporter fees for transcripts of court proceedings thus ought to be rejected. *See Engate*, 2006 WL 695650, at *3 (Kennelly, J.) (denying request for transcripts of court proceedings, finding that conclusory assertions that they were "necessarily

---

[4] Lisle also asks for $420.00 for the video-recording of the deposition of Gerald Sprecher. (*See* Doc. No. 302, at p. 5). Should Lisle be able to recover any of Illinois-American Water Company-related expenses, at a minimum, the video-recording expense must be stricken. *Engate*, 2006 WL 695650, at *2 (Kennelly, J.) (denying request for videotaped deposition).

8

obtained for the use in the case" was insufficient to show they were necessary and reasonable).[5]

### 2. Fees for exemplification and copies of papers and other materials necessarily obtained for use in case

Lisle asks for $2,146.60 as reimbursement of the costs it incurred to copy Plaintiffs' files. (*See* Doc. No. 302, at p. 9). Of this $2,146.60, $925.00 was spent on copying videotapes ($45.00), CD-roms ($80.00), and DVDs ($800.00) of Lisle's own board meetings. Of the remainder of the documents in Plaintiffs' files, which Defendant spent $1,221.00 copying, nearly all of those documents were ones Plaintiffs had received from Lisle and were within Lisle's files. In response to Defendant's Requests for Production, Plaintiffs made their entire files of documents available for Defendant's inspection. Rather than inspecting Plaintiffs' documents first to determine which ones were useful to it and/or responsive to its discovery requests, Defendants had both Plaintiffs' entire records copied. Lisle's choice to re-copy the materials it not only already had in its files, but actually initially provided to Plaintiffs, was done for the sake of its attorneys' convenience, and was not a "necessary" and recoverable expense it incurred in defending this case. *See Higbee*, 2004 WL 1323633, *1 (finding that deposition exhibits were not recoverable, when documents were ones already within defendant's files).

The Videotapes, CD-roms, or DVDs copied (at a cost of $925.00) were costs Lisle incurred in copying audio and video recordings of its own board meetings. (*See* Doc. No. 302, at p. 9). Lisle not only had these recordings in its files, but was the one that initially produced these recordings to Plaintiffs. Plaintiffs further estimate that of the documents in their files, nearly all of them were documents which they received from Lisle initially or were in Lisle's possession.

---

[5] Lisle also asks for reimbursement of two copies of the July 11, 2007 and July 12, 2007 transcripts, and provides no reason why two copies were reasonable and necessary costs. Additionally, Lisle requested all but one of these transcripts on an expedited hourly basis, and offers no justification for the additional expense for the expedition. (*See* Doc. No. 302, at p. 6).

9

(*See* Ex. A, at ¶¶ 9-10; Ex. B at ¶¶ 9-10). Consequently, Lisle's request for recovering these costs should be rejected.

Finally, Lisle requests this Court to award it $270.00 for the copying of a map produced to it by Illinois-American Water Company (*See* Doc. No. 302, at p. 10), and $2,600.86 for documents it produced (presumably in response to Illinois-American Water Company's discovery requests.[6] As previously discussed, Lisle chose to assert claims against Illinois-American Water Company in this case, and cannot recover any expenses incurred due to Illinois-American Water Company's participation in the case as a Third-Party Defendant.

## IV. CONCLUSION

Just cause exists for this Court to exercise its discretion to deny Lisle's bill of costs in its entirety. Plaintiffs' case raised substantial issues of public importance, brought significant benefits to the residents of the Village of Lisle, and involved complex legal and factual issues. Plaintiffs are additionally individuals of limited financial means who cannot afford to pay the costs Lisle is requesting. The case also is continuing on in state court, where the costs for transcripts, document copying and other litigation activities have utility. Alternatively, if this Court decides to tax any costs on Plaintiffs, Lisle's bill is substantially inflated and should be reduced for the reasons, and in the amounts, discussed above.

Dated: September 29, 2008          Respectfully Submitted,

                                   By:   s/ Shawn M. Collins
                                         One of Plaintiffs' Attorneys

---

[6] Lisle asks (on pp. 11-14 of its Itemization) to be reimbursed for its costs in copying documents produced in this litigation. However, the invoices dated 10/15/07, 10/24/07, 11/8/07 and 11/15/07 (on p. 14 of its Itemization and totaling $2,600.86) do not indicate they were associated with Plaintiffs' requests, but rather Illinois-American's, and therefore should not be taxed against Plaintiffs.

| | |
|---|---|
| Shawn M. Collins | Norman B. Berger |
| Edward J. Manzke | Michael D. Hayes |
| Aaron W. Rapier | VARGA BERGER LEDSKY HAYES & CASEY |
| Julie B. Anderson | 224 South Michigan Ave. |
| THE COLLINS LAW FIRM, P.C. | Suite 350 |
| 1770 N. Park Street, Suite 200 | Chicago, Illinois 60604-2507 |
| Naperville, Illinois 60563 | (312) 341-9400 |
| (630) 527-1595 | |

### CERTIFICATE OF SERVICE

Michael D. Hayes, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Memorandum in Opposition to the Village of Lisle's Bill of Costs** was on September 29, 2008 electronically served on all counsel of record as a result of the CM/ECF filing of this document.

s/ Michael D. Hayes