IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN SRAIL, JEFFREY SRAIL, JANEEN BRZECZEK, and RONALD BRZECZEK, individually and on behalf of all persons similarly situated, and in the capacity as parents and next friends of their minor children, Ryan Srail, Derek Srail, and Hannah Brzeczek,<br><br>    Plaintiffs,<br><br>vs.<br><br>VILLAGE OF LISLE, ILLINOIS,<br><br>    Defendant. | Case No. 07 C 2617 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Susan Srail, Jeffrey Srail, Janeen Brzeczek, and Ronald Brzeczek sued the Village of Lisle on behalf of themselves and a class of residents in Lisle's Oak View subdivision, alleging that Lisle violated their rights under the Equal Protection Clause of the United States Constitution and Illinois common law in making decisions concerning the water system that supplies Oak View. On August 7, 2008, the Court granted Lisle's motion for summary judgment on plaintiffs' equal protection claims and dismissed their state law claims for lack of supplemental jurisdiction. Lisle has petitioned the Court for an award of costs totaling $24,075.38 pursuant to Federal Rule of Civil Procedure

1

54(d)(1). For the following reasons, the Court grants Lisle's motion, but limits the award to $19,621.68.

## Background

The facts underlying the majority of plaintiffs' claims are set forth in this Court's opinion dated August 7, 2008. *Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 4876865 (N.D. Ill. Aug. 7, 2008). The Court need not discuss those facts but will recount the procedural history of the case to the extent it is relevant to Lisle's request for an award of costs.

Plaintiffs sued Lisle on May 5, 2007, alleging that the water system serving them, operated by Illinois-American Water Company ("IAWC") under a contract with Lisle, did not deliver adequate water pressure or volume to fight fires in their subdivision, thereby endangering plaintiffs and the class. Plaintiffs initially sued IAWC as well, but they voluntary dismissed that claim with prejudice. Lisle then asserted third-party claims against IAWC, seeking indemnification and contribution.

On July 12, 2007, the Court granted plaintiffs' motion for expedited discovery on preliminary injunction issues and set an expedited hearing on their preliminary injunction motion. Plaintiffs withdrew their motion for a preliminary injunction on the date the hearing was to take place.

On September 18, 2007, the Court denied Lisle's motion to dismiss plaintiffs' complaint. Several months later, on May 30, 2008, the Court certified a class consisting of all individuals who own or reside in residential property in the Oak View subdivision of Lisle. On August 7, 2008, the Court granted Lisle's motion for summary judgment on

plaintiffs' equal protection claims and dismissed plaintiffs' state law claims for lack of subject matter jurisdiction.

## Discussion

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The rule creates a "presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the losing party to overcome that presumption. *Id.* At 636. Although Rule 54(d)(1) allows a court to exercise discretion in awarding costs, "the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

**A.     Lisle's entitlement to costs**

Plaintiffs contend that they should not be taxed any costs incurred by Lisle because their case involved issues of substantial public importance, resulting in a substantial benefit to the public. Although the Seventh Circuit has not foreclosed the possibility that Rule 54(d) permits a denial of costs in "landmark cases of national importance," plaintiffs' case, though an important one for plaintiffs and the other Oak View residents, falls short of that standard. *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). *See also, Burroughs v. Hills*, 741 F.2d 1525, 1533 (7th Cir. 1982) (fact that case may have presented "novel questions of public interest and importance" was insufficient to overcome taxation of costs, which is the "normal

3

consequence of losing"). That aside, the Seventh Circuit has expressly "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

Plaintiffs also contend that they should not be taxed costs because the factual issues in the case were "close and difficult." Resp. at 4. As evidence of the difficulty, plaintiffs cite their success in obtaining class certification and surviving Lisle's motion to dismiss. Plaintiffs' argument fails, for two reasons. First, success on a motion to dismiss is not related to the closeness of the factual issues. Lisle's motion to dismiss was based on Rule 12(b)(6). A court may not take factual disputes into account in ruling on such a motion. *See Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). Second, the Seventh Circuit has made clear that the fact "[t]hat plaintiff[s'] case was reasonable or even close is plainly not enough in itself" to avoid a taxation of costs. *Delta Air Lines*, 592 F.2d at 490.

Finally, plaintiffs contend that they should be relieved from paying costs because they "have limited financial resources." Resp. at 5. The Seventh Circuit has recognized the indigence of the losing party as a valid reason for denying costs to the prevailing party. *Mother & Father*, 338 F.3d at 708. The standard the Seventh Circuit has established is, however, rather difficult to meet. Specifically, the Court must find that "the losing party is incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks and citations omitted). The

4

losing party must provide the Court with "sufficient documentation to support such a finding" in the form of affidavits, documentary evidence of both income and assets, and "a schedule of expenses." *Id.* Plaintiffs have provided the court with two affidavits, one from each plaintiff family, stating only their annual income and a few general expenses. This falls well short of the documentary evidence required by the Seventh Circuit to support a finding that plaintiffs are in "dire financial circumstances." *Id.* Although the Court acknowledges that the costs Lisle has requested will impose a substantial burden on plaintiffs' resources, the law of the Seventh Circuit precludes the Court from making a finding of incapability on the evidence presented.

**B.     Amount of costs**

"Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Costs are recoverable so long as "there is statutory authority for taxing a specific cost" under 28 U.S.C. § 1920. *Id.*

As an initial matter, plaintiffs object to all of the costs claimed by Lisle because the material obtained in discovery have equal application to the pending state law claim. The pendency of a related state law claim does not bar the prevailing party in federal court from recovering costs incurred in defending the case in federal court. *Mother & Father*, 338 F.3d at 712. As a result, the Court will not consider the pending Illinois case in its determination of costs.

1. **Witness fees and service of process**

Plaintiffs raise no objections to Lisle's claimed costs for witness fees and service of subpoenas in the amount of $674.02. Because these are recoverable costs under section 1920, the Court will allow them. 28 U.S.C. § 1920(1) & (3).

2. **Transcription costs for depositions and court proceedings**

Section 1920(2) requires a transcript to be "necessarily obtained for use in the case" in order for its cost to be recoverable. 28 U.S.C. § 1920(2). Transcription costs are taxable so long as they are "reasonably necessary at the time" the transcript or deposition was ordered. *Mother & Father*, 338 F.3d at 712. Plaintiffs object to many of the items Lisle requests in this category.

With respect to depositions conducted by Lisle, plaintiffs contend that Lisle failed to justify its request for expedited transcripts and that its award should be reduced accordingly. Lisle contends that expedited transcripts were justified because of the aggressive discovery schedule. Transcripts of the depositions taken in preparation for the preliminary injunction hearing, scheduled for August 13, 2007, were justifiably requested on an expedited basis because Lisle had to prepare for the hearing within a very short time period. After that, however, Lisle's reliance on the discovery schedule alone as a justification for expediting the remaining transcripts is insufficient. As a result, the Court reduces Lisle's award. The Court awards costs for these depositions in the amount of $6,069.50.[1]

---

[1] Lisle listed its rate for expedited transcripts at $4.40 per page and its rate for regular transcripts at $3.65 per page. Lisle reported 809 pages of deposition transcripts taken before the scheduled hearing and 942 pages of deposition transcripts taken

(continued...)

Plaintiffs contend that Lisle cannot recover for $355.25 in court reporter charges for photocopying deposition exhibits. Although Lisle cites cases allowing recovery of deposition exhibit charges, it fails to offer a justification for these particular charges. Lisle has not shown that the deposition exhibits were anything other than extra copies of documents already in its possession. As a result, it has not shown that the exhibits were reasonably necessary. *See Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 457 (7th Cir. 1998) (refusing to award costs of deposition exhibits to prevailing party when exhibits were merely copies of documents already in prevailing party's possession). The Court reduces Lisle's award for depositions conducted by plaintiffs by $355.25 and therefore the Court awards Lisle costs for these depositions in the amount of $4,421.20.[2]

Plaintiffs also contest Lisle's request for costs for transcripts of depositions taken by IAWC on the ground that Lisle was not a prevailing party in its third-party claim against IAWC. Although the Court granted IAWC summary judgment motion on some of Lisle's third-party indemnification claims, it denied IAWC summary judgment on Lisle's claim for indemnification regarding plaintiffs' takings claim under Illinois law, which was still pending at the time of the motion. *Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 4378495, *8 (N.D. Ill. Mar. 24, 2008). Plaintiffs later voluntarily dismissed their takings claim, which rendered moot Lisle's remaining claims against

---

[1](...continued)
afterwards. 598 x $4.40 = $2631.20; 942 x $3.65 = $3438.30; $2,631.20 + $3,438.30 = $6,069.50.

[2] Lisle requested $4,776.45 for depositions conducted by plaintiffs. $4,776.45 - $325.20 = $4,421.25.

IAWC. At the time the depositions were taken, however, they were reasonably necessary; Lisle could not foresee that plaintiffs would drop their takings claim. *See Mother & Father*, 338 F.3d at 712 ("a voluntary dismissal is not a predictable outcome at the time a deposition is taken"); *Cengr*, 135 F.3d at 455 (reasonable necessity is determined at the time deposition was taken). As a result, the Court awards Lisle costs for these depositions in the amount of $762.

Finally, plaintiffs challenge Lisle's request for transcripts of certain court proceedings. Plaintiffs contend that these transcripts were not reasonably necessary because, although the proceedings included oral rulings, each of the rulings resulted in a written order from the Court. Lisle contends that these transcripts were reasonably necessary because the written orders that followed the oral rulings did not include specific requests made by the Court and that the transcripts were "necessary to fully comply with this Court's oral orders." Reply at 11.

The hearings held on July 11 and 12, 2007 included oral argument and the Court's ruling on Lisle's and IAWC's motions to dismiss. Lisle contends that because it was not permitted to submit a reply brief, the July 11 transcript was necessary as the only documentation of Lisle's, IAWC's, and plaintiffs' positions on the motions. Likewise, Lisle contends that the transcript of the next day's hearing was necessary because it was the only record of the Court's reasoning. The minute order following that ruling referenced only "the reasons stated in open court," and the transcripts were the only written record of the reasoning and the arguments until May 30, 2008. Order August 3, 2007. Although Lisle has demonstrated reasonable necessity in obtaining the original transcript, it has not justified the extra charge for an expedited copy, and it

has offered no justification for the duplicate it requested at the same time. The Court adjusts Lisle's award accordingly.

Lisle contends that during the hearing on November 16, 2007, the Court ordered Lisle to submit a privilege log focused on specific issues. Because the minute order only recites the date the privilege log was due, Lisle contends that the transcript was necessary to comply fully with the Court's order. Due to the relatively short due date set for submitting the privilege log, the Court agrees that this transcript was reasonably necessary.

Lisle has failed to provide any justification with respect to the June 10, 2008 transcript. In fact, the Court issued a detailed minute order shortly after that hearing. *See* Order of July 22, 2008. As a result, the Court denies Lisle's request for costs of the June 10 transcript. In sum, the Court awards Lisle $535.50 for transcripts of court proceedings.[3]

Total Costs Awarded for Depositions and Court Proceedings

| Depositions Conducted by Lisle | $6,069.50 |
|---|---|
| Depositions Conducted by Plaintiffs | $4,421.20 |
| Depositions Conducted by IAWC | $762.00 |
| Court Reporter Fees for Court Hearings | $535.50 |
| **TOTAL** | **$11,788.20** |

---

[3] Lisle requested reimbursement for 81 pages of expedited transcripts of the July 11 and 12 hearings at a cost of $6.60 per page and 45 pages of fourteen-day transcripts at a cost of $4.25 per day. For the reasons stated, the Court will award costs for the July 11 and 12 hearings at the fourteen-day transcript rate. 81 + 45 = 126; 126 x $4.25 = $535.50.

### 3. Fees for exemplification

Expenses for copying materials reasonably necessary for use in a case are recoverable costs under section 1920(4). *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). The materials copied need not be actually used in the case, but the prevailing party must demonstrate that the costs were reasonably necessary at the time they were incurred. *Cengr*, 135 F.3d at 455.

Plaintiffs challenge Lisle's request for costs related to copying documents, videotapes, CDs, DVDs, and maps produced by plaintiffs in response to Lisle's discovery requests. Plaintiffs contend that the majority of these items were documents and videos that Lisle already had in its possession. Furthermore, plaintiffs argue, these costs were not reasonably necessary, because counsel should have sifted through the documents and tapes to determine which should be copied rather than having them copied *en masse*. Lisle contends that, due to the aggressive discovery schedule, it was impractical to sort manually the thousands of documents and three vidoetapes produced by the plaintiffs. Given the time constraints, the Court finds that the charges were reasonably necessary. *See Cengr*, 135 F.3d at 455 (finding that copying costs were reasonable because the legal fees involved in inspecting large numbers of documents before copying them "would far outweigh the minuscule copying costs").

Plaintiffs also contend that they should not be charged for copies of documents produced by Lisle in response to IAWC discovery requests and several oversized maps produced by IAWC. Specifically, plaintiffs point to items produced by Lisle on four dates. Lisle contends that the items produced on October 15, 2007 and October 24,

2007 were responsive to plaintiffs' discovery requests, not IAWC's.  Although Lisle has presented evidence to support its claim with respect to the October productions, it has offered nothing to rebut plaintiffs' contention that the November 8, 2007 and November 15, 2007 productions were responsive to IAWC's requests.  The Court agrees that those particular expenses should not be taxed to plaintiffs.  As a result, the Court awards Lisle costs for exemplification in the amount of $7,159.46.[4]

Total Costs Awarded for Exemplification

| | |
|---|---:|
| Copy Costs for Materials Made Available by Plaintiffs | $2,146.40 |
| Copy Costs for Documents Produced by Lisle in Response to Plaintiffs' Requests | $4,567.68 |
| Copy Costs for Court Filings | $445.38 |
| **TOTAL** | **$7,159.46** |

**Conclusion**

For the reasons stated above, the Court grants Lisle's petition for costs [docket no. 302], but limits Lisle's award to $19,621.68, consisting of $160.00 for witness fees, $514.02 for service of process, $11,788.20 for fees of court reporters, and $7,159.46 for copying charges.



MATTHEW F. KENNELLY
United States District Judge

Date: December 15, 2008

---

[4] Lisle requested $2,146.40 for copies of plaintiffs' documents; $7,079.88 for its own production of documents; and $445.38 for copies of court filings (which plaintiffs do not contest).  Of the costs relating to production of Lisle's documents, the production on November 8 and November 15 amount to $2,512.20.  $2,146.40 + ($7079.88 - $2,512.20) + 445.38 = $7,159.46.